**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MARIA ISAURA MOYA HERNANDEZ; M. D. C. L-P, | No.    21-1437 |
| Petitioners, | Agency Nos. A209-986-968 A209-986-969 |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 17, 2023**

Before: HAWKINS, S.R. THOMAS, and McKEOWN, Circuit Judges.

Maria Isaura Moya Hernandez and her minor daughter ("Moya-

Hernandez"), natives and citizens of El Salvador, petition for review of a Board of

Immigration Appeals ("BIA") decision affirming an Immigration Judge ("IJ")'s

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

decision denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. Where, as here, the BIA issues its own opinion, "[w]e review only the BIA's decision, except to the extent that it expressly adopts the IJ's opinion." *Flores-Lopez v. Holder*, 685 F.3d 857, 861 (9th Cir. 2012). We review the BIA's factual findings regarding asylum, withholding of removal, and CAT protection for substantial evidence, affirming "unless any reasonable adjudicator would be compelled to conclude to the contrary." *Gutierrez-Alm v. Garland*, 62 F.4th 1186, 1194, 1198, 1201 (9th Cir. 2023) (citation omitted). Because the parties are familiar with the factual and procedural history of the case, we need not recount it here. We deny the petition for review.

1. Substantial evidence supports the BIA's finding that Moya Hernandez did not establish the required nexus for asylum or withholding of removal. To meet the nexus requirement, a noncitizen must show that her protected ground was "a reason" (withholding of removal) or "one central reason" (asylum) that she has been or will be harmed. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 357–58 (9th Cir. 2017) (citing 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A), (C)). Here, however, the evidence shows that the gang members who extorted Moya Hernandez and threatened her daughter did so in order to make money for their

gang. The record does not compel the conclusion that any protected ground was "a reason" or "one central reason" that the gang members extorted Moya Hernandez and threatened her daughter.

2. Substantial evidence also supports the BIA's finding that Moya Hernandez did not establish eligibility for CAT protection. For CAT protection, a noncitizen "must prove that it is 'more likely than not that he or she would be tortured if removed to the proposed country.'" *Id.* at 361 (quoting 8 C.F.R. § 208.16(c)(2)). "Torture is an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment or punishment that do not amount to torture." 8 C.F.R. § 1208.18(a)(2); *Ahmed v. Keisler*, 504 F.3d 1183, 1200–01 (9th Cir. 2007); *Vitug v. Holder*, 723 F.3d 1056, 1066 (9th Cir. 2013). In addition, "generalized evidence of violence and crime . . . not particular to Petitioners . . . is insufficient" to establish eligibility for CAT protection. *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010).

Here, the IJ and BIA recognized that the harm Moya Hernandez faced was "frightening and serious." However the record does not compel the conclusion that the harm she experienced was "extreme" rising to torture, *Ahmed*, 504 F.3d at 1200–01; *Vitug*, 723 F.3d at 1066, or that Hernandez Moya, in particular, would likely be tortured if she was removed to El Salvador, *Delgado-Ortiz*, 600 F.3d at

3

1152.

**PETITION DENIED.**

4